IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANCISCO MONTES,**

       **Petitioner,**

   **v.**            **CASE NO. 18-3059-SAC**

**SEDGWICK COUNTY COURTS,**

       **Respondent.**

**MEMORANDUM AND ORDER**

  This matter is a habeas corpus action filed under 28 U.S.C. §2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. Petitioner challenges his conviction on speedy trial grounds.

  The Court has conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 directs the Court to "promptly examine" a petition and to dismiss the action "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…."

  A state prisoner is required to exhaust state court remedies before seeking federal habeas corpus relief. *See* 28 U.S.C. §2254 (b)(1). The petitioner acknowledges that his direct appeal is pending before the Kansas Court of Appeals.[1] Accordingly, petitioner has not yet exhausted state court remedies, as his claim must be "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attacks." *Dever v. Kan. State*

---

[1] *State v. Montes*, Case No. 117916, Kan. Ct. App.

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Because petitioner's direct appeal is pending, this matter is premature and must be dismissed.[2]

Petitioner also filed several pleadings (Docs. ##2-4) that appear to be civil rights complaints seeking damages against the District Court of Sedgwick County on speedy trial grounds.

Under *Heck v. Humphrey*, when a state prisoner seeks damages in a civil action brought under 42 U.S.C. § 1983, the complaint must be dismissed where a judgment in the prisoner's favor would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can show the conviction or sentence has been overturned or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because petitioner's direct appeal is pending, it is clear that his conviction has not been overturned, and his civil claims for damages must be dismissed as premature.

### Conclusion

For the reasons set forth, the Court concludes petitioner's action for habeas corpus relief must be dismissed without prejudice to allow him to fully exhaust state court remedies. Likewise, because petitioner's conviction has not been invalidated, his claims for damages alleging speedy trial violations must be dismissed as premature under *Heck v. Humphrey*.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. #6) is granted.

---

[2] If petitioner is not successful in the Kansas Court of Appeals, he must seek review in the Kansas Supreme Court to exhaust state court remedies.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #8) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 16th day of March, 2018, at Topeka, Kansas.

>S/ Sam A. Crow
>SAM A. CROW
>U.S. Senior District Judge